UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

MARIE L. TATE,

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 3:17-cv-371

District Judge Walter H. Rice
Magistrate Judge Michael J. Newman

___

**REPORT AND RECOMMENDATION[1] THAT: (1) THE NON-DISABILITY FINDING AT ISSUE BE FOUND UNSUPPORTED BY SUBSTANTIAL EVIDENCE, AND REVERSED; (2) THIS MATTER BE REMANDED TO THE COMMISSIONER UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR PROCEEDINGS CONSISTENT WITH THIS OPINION; AND (3) THIS CASE BE CLOSED**

___

This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Supplemental Security Income ("SSI") and/or Disability Insurance Benefits ("DIB").[2] This case is before the Court upon Plaintiff's Statement of Errors (doc. 9), the Commissioner's memorandum in opposition (doc. 10), Plaintiff's reply (doc. 11), the administrative record (doc. 7),[3] and the record as a whole.

I.

A.    **Procedural History**

Plaintiff filed for DIB and SSI alleging a disability onset date of July 4, 2014. PageID 1083. Plaintiff claims disability as a result of a number of alleged impairments including, *inter alia*, lumbar

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] "The Commissioner's regulations governing the evaluation of disability for DIB and SSI are identical . . . and are found at 20 C.F.R. § 404.1520, and 20 C.F.R. § 404.1520 respectively." *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). Citations in this Report and Recommendation to DIB regulations are made with full knowledge of the corresponding SSI regulations, and *vice versa*.

[3] Hereafter, citations to the electronically-filed record will refer only to the PageID number.

post laminectomy syndrome, severe back pain with spasms and pain radiating to the legs, lumbar degenerative joint disease, and facet arthrosis. PageID 1084.

After initial denial of her applications, Plaintiff received a hearing before ALJ Gregory G. Kenyon on July 17, 2016. PageID 145. The ALJ issued a written decision on August 15, 2016 finding Plaintiff not disabled. PageID 48. Specifically, the ALJ found at Step Five that, based upon Plaintiff's residual functional capacity ("RFC") to perform a reduced range of light work,[4] "there are jobs that exist in significant numbers in the national economy that [she] can perform[.]" PageID 53-57.

Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 147-48. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007).

B.  **Evidence of Record**

The evidence of record is adequately summarized in the ALJ's decision (PageID 48-58), Plaintiff's Statement of Errors (doc. 9), the Commissioner's memorandum in opposition (doc. 10), and Plaintiff's reply (doc. 11). The undersigned incorporates all of the foregoing and sets forth the facts relevant to this appeal herein.

## II.

A.  **Standard of Review**

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct

---

[4] Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or . . . sitting most of the time with some pushing and pulling of arm or leg controls." *Id*. § 404.1567(b). An individual who can perform light work is presumed also able to perform sedentary work. *Id*. Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." *Id*. § 404.1567(a).

legal criteria. 42 U.S.C. § 405(g); *Bowen* v. *Comm'r of Soc. Sec.*, 478 F.3d 742,745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

**B.     "Disability" Defined**

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity;

2. Does the claimant suffer from one or more severe impairments;

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1;

4. Considering the claimant's RFC, can he or she perform his or her past relevant work; and

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

### III.

On appeal, Plaintiff argues that the ALJ erred in: (1) evaluating the opinion of her treating physician, Bernadette DeGuzman, M.D.; (2) formulating an RFC without giving substantial weight to any medical opinions; and (3) making an RFC finding without determining the medical necessity of her ambulation assistive device (*i.e.*, a cane). PageID 1086-1094. Finding error in the ALJ's assessment of Dr. DeGuzman's opinion, the undersigned would direct that the ALJ consider Plaintiff's remaining arguments on remand.

Until March 27, 2017, "the Commissioner's regulations [that apply to this appeal] establish[ed] a hierarchy of acceptable medical source opinions[.]" *Snell v. Comm'r of Soc. Sec.*, No. 3:12-cv-119, 2013 WL 372032, at *9 (S.D. Ohio Jan. 30, 2013). In descending order, these medical source opinions are: (1) treaters; (2) examiners; and (3) record reviewers. *Id*. Under the regulations in effect prior to March 27, 2017, the opinions of treaters are entitled to the greatest deference because they "are likely to be . . . most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s)

4

and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations[.]" 20 C.F.R. § 404.1527(c)(2).

A treater's opinions must be given "controlling weight" if "well-supported by medically acceptable clinical and laboratory diagnostic techniques and . . . not inconsistent with the other substantial evidence in [the] case record." *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 384 (6th Cir. 2013). Even if a treater's opinion is not entitled to controlling weight, "the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinions, consistency of the opinions with the record as a whole, and any specialization of the treating physician." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see also* 20 C.F.R. § 404.1527(c).

After treaters, "[n]ext in the hierarchy are examining physicians and psychologists, who often see and examine claimants only once." *Snell*, 2013 WL 372032, at *9.

Record reviewers are afforded the least deference and these "non-examining physicians' opinions are on the lowest rung of the hierarchy of medical source opinions." *Id*. "The regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual [claimant] become weaker." *Id*. (citing SSR 96-6p, 1996 WL 374180, at *2 (July 2, 1996)).

Here, the record includes the opinion of treating physician Dr. DeGuzman. PageID 738-745, 800-805. Dr. DeGuzman concluded that Plaintiff was able to:

> Frequently lift up to ten pounds; frequently handle, finger, and reach with bilateral upper extremities; stand for one hour, walk for less than one hour, and sit for a total of three hours in an eight-hour workday; could occasionally bend and climb steps, but could never crouch, squat, crawl, or climb ladders, could rarely reach above shoulder level; and was likely to have partial or full day unscheduled absences from work occurring *five* or more days per month.

PageID 742-45 (emphasis added). The Vocational Expert ("VE") testified at the administrative hearing that if an individual were absent as few as two times per month in an unskilled work setting, there

would be no competitive work for that individual, *i.e.,* such a person would be disabled for Social Security disability purposes. PageID 173.

Despite the fact that Dr. DeGuzman is a treating physician, when analyzing her opinion, the ALJ failed to mention the concept of controlling weight, failed to specifically address the controlling weight factors, and never specifically declined to accord such opinion controlling weight. PageID 55-56. Instead, in affording Dr. DeGuzman's opinion "little weight," the ALJ skipped to the second step of the treating physician analysis by addressing only the "supportability" factor found in 20 C.F.R. §§ 404.1527(c)(3). S*ee Chrismon v. Colvin* 531 F. App'x 893, 900 (10th Cir. 2013) (in analyzing a treating physician's opinion "the ALJ must complete a sequential two-step inquiry, each step of which is analytically distinct").

Such failure is significant in this case because the record contains a number of objective findings that appear supportive of Dr. DeGuzman's opinion, notably: an MRI in 2014 revealing severe facet arthropathy of lower lumbar spine with postoperative changes from laminectomy at L4, as well as multifactorial neuroforaminal stenosis at L4-L5 and L5-S1; and an EMG in 2015 that revealed mild left L4-5 radiculopathy. PageID 870. The ALJ did acknowledge these findings elsewhere in his decision, stating that:

> [T]he evidence of record does not support the level of limitation testified to by the claimant. The MRI evidence of record warrants a limitation for light level work. EMG testing in April 2015 found only mild radiculopathy.

PageID 54. The problem with the ALJ's assessment in this regard is the fact that the only medical professional of record who provided a medical source opinion with the opportunity to have reviewed all these objective findings -- especially the April 2015 EMG -- was Dr. DeGuzman.[5] In other words, the ALJ's finding in this regard, made without support of any medical source opinion of record,

---

[5] The medical source opinions from record-reviewing physicians, John Mormol, M.D., and William Bolz, M.D., were authored, respectively, on September 16, 2014 and January 22, 2015, *i.e.*, before Plaintiff's April 2015 EMG. PageID 195-98, 205-07. Moreover, in their reports, neither of the record-reviewing doctors indicate consideration of Plaintiff's 2014 MRI. *Id*.

amounts to an impermissible interpretation of raw medical data.[6] *See Isaacs v. Comm'r of Soc. Sec.*, No. 1:08-cv-828, 2009 WL 3672060, at *10 (S.D. Ohio Nov. 4, 2009) (holding that "[i]n making the residual functional capacity finding, the ALJ may not interpret raw medical data in functional terms"). In light of all the foregoing, the undersigned finds reversible error in the ALJ's analysis of Dr. DeGuzman's medical opinion.

**IV.**

When the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to remand the matter for rehearing or to award benefits. Generally, benefits may be awarded immediately "if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990). The Court may only award benefits where proof of disability is strong and opposing evidence is lacking in substance, so that remand would merely involve the presentation of cumulative evidence, or where proof of disability is overwhelming. *Faucher*, 17 F.3d at 176; *see also Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994). In this instance, evidence of disability is not overwhelming, and remand for further proceedings -- as specifically set forth above -- is proper.

**V.**

**IT IS THEREFORE RECOMMENDED THAT:** (1) the Commissioner's non-disability finding be found unsupported by substantial evidence, and **REVERSED**; (2) this matter be

---

[6] The undersigned also questions whether, as argued by Plaintiff, the ALJ's RFC finding can be supported by substantial evidence where, as here, he gave no significant weight to any medical source opinion of record. "While the ALJ must consider all of the relevant evidence in determining a claimant's RFC, the RFC is ultimately a medical question that must find at least some support in the medical evidence of record." *Hale v. Comm'r of Soc. Sec.*, 307 F. Supp. 3d 785, 793 (S.D. Ohio 2017); *Casey v. Astrue*, 503 F.3d 687, 697 (8th Cir. 2007). Thus, "[t]he [RFC] opinions of treating physicians, consultative physicians, and medical experts who testify at hearings are crucial to determining a claimant's RFC because[,]" as just noted, "[i]n making [RFC] finding, the ALJ may not interpret raw medical data in functional terms." *Isaacs*, 2009 WL 3672060, at *10 (internal quotations omitted).

7

**REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for proceedings consistent with this opinion; and (3) this case be **CLOSED**.


Date:   September 20, 2018                               s/ Michael J. Newman
                                                    Michael J. Newman
                                                    United States Magistrate Judge

## **NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).